No. 3968

Second Circuit

CARNAHAN v. RACHAL
(SMITH, Intervener)

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

Breazeale & Hughes, of Natchitoches, attorneys for plaintiff, appellee.

E. S. Prudhomme, of Natchitoches, attorney for intervener, appellant.

WEBB, J. Plaintiff, J. C. Carnahan, a judgment creditor of Rum Rachal, issued execution on his judgment, under which the sheriff seized and had advertised for sale a crop of cotton raised by Rachal, when the intervener, Mrs. R. J. Smith, filed an opposition to the sale.

Intervener alleged, in substance, that Rachal had executed in her favor a crop lien for merchandise and supplies to be furnished to him by intervener to make the crop which had been seized; that she was the owner of the crop, and entitled to the proceeds, and she prayed for judgment decreeing her to be the owner of the crop seized and "for all such further relief as the nature of the case may require."

In answer plaintiff admitted Rachal had given intervener a crop lien as alleged, and the seizure of the crop; but denied that intervener was the owner of the crop, and prayed that intervener's demands be rejected. On trial judgment was rendered rejecting intervener's demands, and she appeals.

As stated, plaintiff admitted that Rachal had given intervener a crop lien as alleged, and on trial an account was offered in evidence showing that intervener had furnished Rachal with supplies amounting to $175.12 to make a crop, which was admitted to be correct; and appellant urges here, as she did on trial of the cause, that the evidence established she was the owner of the crop seized.

While the evidence shows that intervener was entitled to a privilege on the crop seized (article 3217, Civ. Code), the evidence does not establish that she was the owner of the crop, and appellee urges that, as intervener did not pray that the privilege be recognized, but only that she be decreed the owner, the judgment dismissing her demands was correct.

However, in addition to the prayer to be decreed the owner of the property seized, plaintiff, as stated, prayed "for all such further relief as the nature of the case may require," and in that respect the cause is analogous to the case of Richardson v. Weiner, 5 La. Ann. 646, in which the court said:

"Under the prayer for general relief a judgment may be rendered allowing a privilege upon property which was claimed by the plaintiff as owner, if evidence to establish the privilege has been introduced without objection."

In the present case, while intervener asserted ownership of the property, she also alleged facts showing that she had a privilege on the property, which was supported by the evidence, and under the prayer "for all such further relief as the nature of the case may require," the court should have rendered judgment in favor of intervener, recognizing the privilege, and ordering the proceeds of the sale, less the cost, applied by preference and priority to the payment of the judgment.

The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that intervener, Mrs. R. J. Smith, have and recover judgment against plaintiff, J. C. Carnahan, recognizing her privilege on the crop seized, for the sum of $175.12, with legal interest thereon from judicial demand; and that the proceeds of the sale, less all costs incident to the seizure and sale of the property, be applied by preference and priority to the payment of the privilege and judgment. It is further ordered that plaintiff, J. C. Carnahan, pay all cost of suit.