## OLIVE v. HARRINGTON (HARRINGTON, Intervener).

### No. 5013.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

Stephens & Gahagan, of Natchitoches, for appellant.

E. S. Prudhomme, of Natchitoches, intervener appellee.

DREW, Judge.

Plaintiff alleged he leased to J. W. Harrington 30 acres of land situated in Natchitoches parish, La., for farming purposes, for an agreed consideration of four bales of cotton; that the said Harrington had gathered all his cotton and had refused to pay the rent due. He further alleged that he had a lessor's lien and privilege upon the four bales of cotton in possession of defendant, and, after making the necessary allegations, prayed that the four bales of cotton be provisionally seized, and for judgment in the sum of $250, the value of the four bales of cotton, and that his lessor's lien and privilege be recognized upon the cotton seized.

Defendant's son, Floyd Harrington, came in by intervention and third opposition and alleged that he is the owner of the four bales of cotton seized by virtue of a labor lien and privilege thereon, and was in possession of the four bales at the time of the seizure; that he worked as a laborer for his father in cultivating said 30 acres of land and in producing the said four bales of cotton, at an agreed price of $1 per day; that he worked 157 days plowing, planting, and gathering the said cotton, which amount of $157 is due and unpaid, by virtue of which he became the owner of the cotton. He prayed as follows:

"Wherefore, petitioner prays that this, his petition of intervention and third opposition, be filed; that it be served on the plaintiffs, defendant and the Sheriff, and that after due legal proceedings there be judgment in favor of petitioner, decreeing him to be the owner of the said four bales of cotton described in said proceedings, and that same

was not subject to said provisional seizure; and setting aside said provisional seizure, and dismissing plaintiff's claim to a lien and privilege on said property and ordering same to be restored to the possession of petitioner, reserving petitioner's rights to proceed hereafter for the recovery of such damages as they may have sustained by the wrongful seizure of said property; and petitioners pray for costs and for further relief as equity and law and the nature of the case may require.

"Your petitioner further prays that he be allowed to proceed in this suit under Act No. 156 of 1912, and amendments, and herewith takes the oath in forma pauperis, as he is not able to pay the costs of suit or give bond for same; and for general and equitable relief."

Plaintiff answered the petition of intervention and denied each and every article therein, after having filed several exceptions which are unnecessary to discuss, due to our finding on the merits.

Defendant, J. W. Harrington, made no appearance, and plaintiff was awarded judgment against him, as prayed for, and a separate judgment was rendered in favor of intervener in the following language:

"In the above entitled and numbered cause, by reason of the law being in favor thereof, on trial of said cause, it is therefore, ordered adjudged and decreed that there be judgment herein in favor of plaintiff, Floyd Harrington, and against the defendant, J. S. Olive, in the full sum of $85.00, with five per cent per annum interest thereon from the date of this judgment until paid; defendant, J. W. Harrington, to pay the cost of third opposition and intervention; with recognition of lien and privilege to be paid by preference and priority over all other claims.

"Judgment rendered in open court on November 20, 1934.

"Judgment read and signed in open court on the 24th day of November, 1934."

From this judgment in favor of intervener plaintiff has appealed.

On trial of the case intervener admitted he was not in possession of the four bales of cotton when they were seized, and that they were at the time in the possession of his father, J. W. Harrington; that he had never bought the cotton and it had never been turned over to him, clearly destroying his claim of ownership. R. W. Richardson v. E. Weiner & Co., 5 La. Ann. 646.

He then attempted to offer evidence to establish a privilege as a laborer on the farm, which was objected to by plaintiff. The objection was at first sustained, but finally overruled by the lower court, and the testimony admitted to show that intervener worked on the land under lease in planting, cultivating, and harvesting the crop for an agreed price per day. At one time intervener testified the price to be $1 per day and at another he said 75 cents per day. However, this is immaterial, as the objection to the testimony should have been sustained.

A very similar situation arose in the case of Carnahan v. Rachal (Smith, Intervener), 16 La. App. 269, 133 So. 803, 804. In that case, however, the privilege was admitted, and there was no objection to proof of the privilege. In passing on that case this court said:

"While the evidence shows that intervener was entitled to a privilege on the crop seized (article 3217, Civ. Code), the evidence does not establish that she was the owner of the crop, and appellee urges that, as intervener did not pray that the privilege be recognized, but only that she be decreed the owner, the judgment dismissing her demands was correct.

"However, in addition to the prayer to be decreed the owner of the property seized, plaintiff, as stated, prayed 'for all such further relief as the nature of the case may require,' and in that respect the cause is analogous to the case of Richardson v. Weiner, 5 La. Ann. 646, in which the court said:

" 'Under the prayer for general relief a judgment may be rendered allowing a privilege upon property which was claimed by the plaintiff as owner, if evidence to establish the privilege has been introduced without objection.' "

In the present case intervener prayed to be declared the owner of the four bales of cotton and for such further relief as equity and law and the nature of the case may require. Under this prayer, if the evidence had been admitted without objection to show a privilege in favor of the intervener, the judgment rendered below should be sustained, but, since intervener did not claim a privilege, the objection to testimony to show a privilege should have been sustained.

It therefore follows that the judgment of the lower court awarding intervener judgment is erroneous, and same is reversed and the demands of intervener rejected at his costs.